**UNITED STATES v. 115.128 ACRES OF LAND, MORE OR LESS IN NEWARK, N. J., et al.**

Misc. 409a.

United States District Court
D. New Jersey.

Dec. 21, 1951.

Riker, Emery & Danzig and Charles Danzig, Newark, N. J., for Nathan L. Goldstein, petitioner.

Charles Handler, Corp. Counsel, Newark, N. J., for City of Newark, respondent.

FAKE, District Judge.

In the year 1942, the United States Government took by condemnation certain lands located in the City of Newark, in an area known as the Port of Newark. After the lapse of some time, Condemnation Commissioners were duly appointed by this Court in conformity with the law, to ascertain the true value of the property so taken, and to make an award therefor.

By reason of the unique conditions arising out of the development of the Port, the issues bearing upon value were very much involved and difficult of solution. The Government presented its side of the case, bearing on values, largely through the testimony of experts and specialists in several different fields. The City of Newark, on the other side, was faced with the difficult problem of meeting the testimony adduced by the Government, and to do so effectively required the employment of experts and experienced counsel. The City of Newark concluded to retain the petitioner, Mr. Nathan Goldstein, of the New York Bar. It appears from the evidence before me that Mr. Goldstein has had many years of experience in dealing with condemnation problems in and about the Port of New York, and other places, where the City of New York and others had been involved. Under his agreement with the City, he was paid on a per diem basis, and after he had finished the case before the commissioners, he was paid in full for his services so rendered, the sum of $61,000.00.

The Commissioners brought in an award in favor of the City of Newark for the sum of $1,598,897.68. The City was not satisfied with the amount so awarded and an appeal was taken. This required a trial de novo before a jury. The City desired to continue the services of Mr. Goldstein for the new trial, but not on a per diem basis. Mr. Goldstein desired to continue on a per diem basis because of the uncertainties in-

volved in a trial before a jury, and in this attitude, he was perhaps justified because of two cases, here in this district, where the juries had brought in verdicts or awards for much less than the Commissioners had theretofore allowed. After negotiations with the members of the City Commission and the City attorney, Mr. Goldstein finally agreed to proceed with the trial on a contingent basis. This resulted in a contract in writing prepared by the City attorney to which Mr. Goldstein agreed. The contract contains the following pertinent provisions:

"2. That the party of the first part agrees to pay the party of the second part, that the party of the second part agrees to receive in full payment for his services so to be rendered from the final award in the above cause the following fees:

"In the case of a settlement of the case at any time, the party of the second part shall receive a fee at the rate of 35% of all additional money received by the party of the first part above $1,700,000.00 and up to $2,000,000.00; and in the event of an award on the appeal, then 35% of all monies received by the party of the first part above $1,598,897.68 and up to $2,000,000.00; on all monies received by the party of the first part in excess of $2,000,000.00 the party of the second part shall receive an additional fee upon the following precentage basis:

"On all monies from $2,000,000.00 to $2,500,000.00, 25%.

"On all monies from $2,500,000.00 to $3,000,000.00, 15%.

"On all monies above $3,000,000.00, 10%.

"3. The monies referred to in fixing said fees shall include both principal and interest of the award on appeal. The party of the second part is to receive no fees in the event of any settlement being made for $1,700,000.00 or less, or for any award on appeal in the sum of $1,598,897.68 or less.

\* \* \* \* \* \*

"7. The party of the first part reserves unto itself the unconditional right at all times to control the manner and the presentation of said appeal, and may at any time, during the course of the appeal, terminate

the cause by settlement, discontinuance, or otherwise, as it may, in its own judgment, decide.

"8. The party of the second part is at no time to create any obligation or expense in the preparation and trial of the said appeal, except with the approval of the Corporation Counsel, and while the party of the first part is to assume the cost of experts, fees, purchase of testimony and all other expenses in connection with said appeal, in no event shall the total sum of said expense exceed the sum of $5,000.00 without the further sanction of the Board of Commissioners of the party of the first part."

The trial before the jury took many days, covering a period of over four weeks, and the jury brought in a verdict in favor of the City for the sum of $2,603,000.00. The Government was not satisfied with the amount so fixed by the jury and took an appeal. While the appeal was pending, negotiations took place between the officials of the City and representatives of the Government which resulted in a final settlement with the City for the sum of $2,425,000.00, for which sum a judgment was entered.

█ █ It is my view that the judgment thus entered was not an award but a settlement, therefore, the fee that would be figured on the basis of the contract above set forth would be in the sum of $211,250.00. This figure is arrived at as follows: According to the terms of the contract above, Mr. Goldstein is entitled to 35% on the sum of $300,000.00 and 25% on the sum of $425,000.00, thus making the total of $211,250.00.

Through a process of reasoning which I am unable to follow, counsel for Petitioner urges that he is entitled to a fee of $280,359.28, the argument being that only part of the judgment was a settlement. My view is that the entire amount involved in the judgment was by way of settlement.

The City opposes payment of either of the sums above mentioned on two grounds; first, that the amount involved is unreasonable; second, on the ground that the efforts of Mr. Goldstein were not the controlling

reason which effected the increase in the verdict of the jury.

■ There is nothing in the evidence before me to indicate anything other than that the duly authorized officers of the City, with full knowledge of the facts, and in the absence of any fraud, entered into the contract under no compulsion of any kind, and the contract was the result of their own free will. Numerous cases were set forth in the briefs bearing on the subject of contingent fees. I gather from the cases examined that in the absence of fraud or undue influence, the Courts will not set aside an attorney's contract for contingent fees unless it appears that the fee is exorbitant.

■ The large sums of money involved in this case, the expertness required of counsel, and the uncertainty as to the outcome, are factors to be pondered in passing upon the reasonableness of attorney's fees.

■ Taxes must always be taken into account in passing upon the reasonableness of an attorney's fees. In this instance the taxes which will be collected by the Federal Government from Mr. Goldstein will amount to something in the neighborhood of $167,533.50, which when deducted from the fee of $211,250.00 leaves him with a net fee or take-home pay of $43,716.50. Again the Court must take into account that today the rents, clerical assistants, and office supplies are far in excess of what they were but a few years ago.

■ The second ground of objection above is based upon the fact that the City attorney assisted in the trial, and therefore it could not be said that all the credit was due the Petitioner. This argument falls because the contract expressly permits the City to control the manner and the presentation of the case, and it was understood that the City attorney would assist in the trial. This point is, therefore, for nothing holden.

■ Taking all the above factors into account, I cannot bring myself to say that the fee of $211,250.00 is unreasonable. An order may, therefore, be entered allowing Petitioner that sum.